# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-5350

September Term, 2025

FILED ON: JUNE 16, 2026

MATTHEW MCGOUGH,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:23-cv-03628)

Before: WILKINS, RAO and CHILDS, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has afforded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the order of the district court be **AFFIRMED**.

\* \* \*

Matthew McGough was discharged from the Navy with an "other than honorable" service characterization. McGough challenged the decision as arbitrary and capricious and contrary to regulation. The district court granted summary judgment to the government. Because the discharge decision was reasonably explained and substantially complied with the relevant regulations, we affirm.

I.

The events leading to McGough's discharge began in 2017, when he became romantically involved with a female officer, "H." The relationship ended poorly, leading to a military protective order that prohibited McGough from communicating with H. The summer of that same year,

1

McGough met another female officer, "S," at an officers' club. After having drinks and talking, they went back to McGough's room. S later reported that McGough sexually assaulted her that night.

Following an investigation and hearing, a Board of Inquiry recommended an other than honorable discharge. The Board of Inquiry found by a preponderance of the evidence that McGough violated the protective order with respect to H, sexually assaulted S, engaged in conduct unbecoming of an officer, and failed to meet performance standards. McGough's other than honorable discharge was approved by the Assistant Secretary of the Navy for Manpower and Reserve Affairs. McGough then appealed to the Naval Discharge Review Board ("NDRB"), which assesses whether a discharge is "proper," meaning it complied with procedural and substantive legal requirements, and "equitable," meaning it was not otherwise unfair in light of factors including overall service history. *See* 32 C.F.R. §§ 724.902(a), 724.903(a)–(c). The NDRB determined McGough's discharge was proper but not equitable. It disagreed with the conclusions drawn by the Board of Inquiry and found the evidence did not show McGough violated the protective order or committed other serious misconduct. The NDRB concluded McGough was entitled to an honorable discharge.

NDRB decisions are subject to review by the Secretarial Review Authority ("SRA"). 10 U.S.C. § 1553(b)(1); 32 C.F.R. § 724.814(a). In January 2023, the SRA reviewed and set aside the NDRB's decision and reinstated McGough's other than honorable discharge. In a short decision, the SRA disagreed with the NDRB's reasons for the honorable discharge and concluded that the evidence supported the lower characterization. The SRA also determined that McGough's post-service conduct did not justify an honorable discharge.

McGough requested reconsideration. In April 2023, the SRA denied reconsideration but issued a longer memorandum elaborating on the January 2023 decision. The SRA relied on the evidence presented to the Board of Inquiry, such as testimony supporting McGough's misconduct, and explained that this evidence outweighed other testimony about McGough's good character and performance. The SRA reaffirmed its conclusion that an other than honorable discharge was proper and equitable and that McGough's post-service conduct did not support an honorable discharge.

McGough challenged the SRA's decision in district court. He argued the SRA's decision was arbitrary and capricious and inconsistent with Department of Defense Instruction ("DoDI") 1332.28, which sets out "procedures and standards" for the review of discharges by military departments. DoDI 1332.28 ¶ 1.1 (2004). The district court granted summary judgment to the government, holding that the SRA's reasons in the April 2023 memorandum satisfied the Administrative Procedure Act ("APA") and DoDI 1332.28. McGough appealed.

II.

We affirm the grant of summary judgment because the SRA's decision was neither arbitrary and capricious nor contrary to regulation.

As an initial matter, we may properly examine the April 2023 memorandum when evaluating whether the SRA's explanation comports with the APA's requirement for reasoned decisionmaking. Consistent with the principle that "judicial review of agency action is limited to the grounds that the agency invoked when it took the action," a reviewing court may consider a

later explanation that merely "offer[s] a fuller explanation of the agency's reasoning *at the time of the agency action*." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907–08 (2020) (cleaned up). In the April memorandum, the SRA stated it was not reconsidering the January decision but was further explaining why an other than honorable discharge was appropriate. The April memorandum did not add new, independent reasons for that conclusion. We therefore reject McGough's argument that the April memorandum is a post hoc rationalization that we cannot consider when reviewing the SRA's decision.

Evaluating the January decision and April memorandum, we conclude the SRA's decision was "reasonable and reasonably explained." *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021). The SRA articulated the criteria for NDRB review, rejected the NDRB's reasons for granting an upgrade as insufficient, and discussed the evidence substantiating McGough's misconduct. From these findings, the SRA concluded an other than honorable discharge was proper and equitable. Because the SRA's "path may reasonably be discerned," the decision to discharge McGough with an other than honorable service characterization was not arbitrary and capricious.[1] *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (cleaned up).

McGough's arguments to the contrary are unpersuasive. First, McGough maintains that, in its January decision, the SRA inaccurately described one of the NDRB's reasons for granting relief as a finding that the Board of Inquiry was biased against McGough. But the SRA correctly described the NDRB's decision in the April memorandum. A since-abandoned and immaterial misstatement does not render the SRA's decision arbitrary and capricious.

Second, McGough maintains that the SRA's decision was arbitrary and capricious because it did not discuss favorable parts of the witness testimony, which McGough contends would have undermined the SRA's conclusion that he violated the protective order. We disagree. The SRA considered the competing evidence and addressed the key issues. The SRA explained that it reviewed the administrative findings and that it was persuaded by an investigation report and testimony from one of McGough's commanders that McGough violated the order. McGough similarly argues the SRA erred by crediting S's account of the assault without discussing the parts of her testimony that cast doubt on her credibility. The SRA was not required, however, to provide a detailed discussion of S's testimony because its reasoning is readily discernible. *See id*. The SRA identified the testimony it found persuasive and reasonably explained that S's account, taken as a whole, substantiated the allegations of assault.

Finally, we reject McGough's argument that the SRA's decision must be set aside as contrary to DoDI 1332.28. Specifically, McGough contends the SRA failed to comply with the regulatory instruction because the SRA did not provide a "list of issues" on which it based its decision or "set forth the conflicting evidence and explain why the information relied upon was

---

[1] Because we find the SRA's reasoning adequate under the APA's usual standard for arbitrary and capricious review, we need not resolve whether heightened deference applies to military discharge decisions. *See Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989) (affirming an "unusually deferential application of the 'arbitrary or capricious' standard" to decisions of the boards for the correction of military records).

more persuasive than the information that was rejected." DoDI 1332.28 ¶¶ E3.5.6.2.2.2, E3.7.4.2.4.1.

The SRA's decision substantially complied with DoDI 1332.28. The SRA identified and explained its points of disagreement with the NDRB by discussing the specific testimony and other evidence of misconduct the SRA found persuasive. The SRA further stated that it considered the positive character and performance testimony of five other individuals, but that this testimony did not outweigh testimony supporting an other than honorable discharge. By identifying with particularity the evidence on both sides, the SRA "set forth the conflicting evidence" that it considered. *Id.* ¶ E3.5.6.2.2.2. Even assuming the SRA's decision did not strictly comply with the requirement to "explain why the information relied upon was *more* persuasive than the information that was rejected," McGough has not demonstrated that this de minimis failure to elaborate was prejudicial. *Id.* (emphasis added); *see* 5 U.S.C. § 706 (requiring reviewing courts to take "due account … of the rule of prejudicial error"); *Schaefer v. McHugh*, 608 F.3d 851, 854 (D.C. Cir. 2010) ("A party claiming harm from an agency's failure to follow its own rules must demonstrate some form of prejudice.").

\*       \*       \*

For these reasons, we affirm the judgment of the district court. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk

4